UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Angela Elaine Franklin, Gloria Diane Franklin, and Zantene Franklin, ) ) ) ) Plaintiffs, ) ) v. ) ) Christopher Jermaine Franklin, Demetrius ) Kinta Franklin, Janice Marie Franklin, ) Watkins Garrett Woods Funeral Home, ) Greenville Housing Authority, Tower East, ) Rest Haven, United Ministries, The ) Department of Housing and Urban ) Development, and Greenville Summary ) Court, ) ) Defendants. ) _____) | Civil Action No.: 6:19-cv-02348-RBH **ORDER** |

This matter is before the Court for review of a Report and Recommendation ("R & R") entered by Magistrate Judge Kevin F. McDonald, who recommends summarily dismissing this action without prejudice.[1]  *See* ECF No. 10.

### **Standard of Review**

The Magistrate Judge makes only a recommendation to the Court.  The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept,

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.).  The Court is mindful of its duty to liberally construe pro se filings.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (recognizing "[a] document filed *pro se* is to be liberally construed" (internal quotation marks omitted)).  *But see United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) ("Although courts must liberally construe the claims of *pro se* litigants, the special judicial solicitude with which a district court should view pro se filings does not transform the court into an advocate." (internal citations, quotation marks, ellipsis, and brackets omitted)).

reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## **Discussion**[2]

Plaintiff Angela Elaine Franklin, proceeding pro se and in forma pauperis, has filed a civil complaint containing various allegations that are thoroughly summarized in the R & R. *See* R & R at pp. 1–2 (citing ECF Nos. 1, 1-1, & 7). The Magistrate Judge recommends summarily dismissing this action without prejudice for lack of subject matter jurisdiction. *See* R & R at pp. 3–5.

Ms. Franklin filed three documents after the R & R was entered, *see* ECF Nos. 15, 16, & 18, but she did not specifically object to the Magistrate Judge's conclusion that this Court lacks subject matter jurisdiction over this action. *See Diamond & Camby*, *supra* (stating that absent a specific objection, the Court need only review the R & R for clear error and need not give reasons for adopting it). In any event, the Court agrees with the Magistrate Judge that subject matter jurisdiction is lacking and

---

[2] The R & R thoroughly summarizes the factual and procedural background of this case, as well as the applicable legal standards.

therefore dismissal is warranted.

## Conclusion

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's R & R [ECF No. 10] and **DISMISSES** this action *without prejudice* and without issuance and service of process.[3]

**IT IS SO ORDERED.**

Florence, South Carolina
October 11, 2019

s/ R. Bryan Harwell
R. Bryan Harwell
Chief United States District Judge

---

[3] The Magistrate Judge also recommended declining to give Ms. Franklin leave to amend, and the Court agrees she cannot cure the jurisdictional defects by mere amendment. Accordingly, the Court is dismissing this action for lack of subject matter jurisdiction, which requires dismissal *without* prejudice. *See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is incapable of reaching a disposition on the merits of the underlying claims." (alteration in original) (citation omitted)); *see generally Goode v. Cent. Virginia Legal Aid Soc'y, Inc.*, 807 F.3d 619, 623 (4th Cir. 2015).